**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

|  |  |
|---|---|
| KICVENTURES LLC and<br>NANISX LLC,<br><br>        Plaintiffs,<br><br>v.<br><br>SI-BONE, INC. and<br>JFK MEDICAL CENTER LIMITED<br>PARTNERSHIP d/b/a<br>HCA FLORIDA JFK HOSPITAL,<br><br>        Defendants. | Case No.:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

1.      Plaintiffs KICVentures LLC ("KICV") and Nanisx LLC ("Nanisx") bring this action against Defendants SI-BONE, Inc. ("SI-BONE") and JFK Medical Center Limited Partnership d/b/a HCA Florida JFK Hospital ("HCA Florida JFK Hospital") for infringement of United States Patent Nos. 11,129,655 (the "'655 Patent"), 12,064,154 (the "'154 Patent"), and 11,826,084 (the "'084 Patent") (collectively, the "Asserted Patents").

## INTRODUCTION

2.      This case concerns SI-BONE's screw-based sacroiliac and sacropelvic fixation products and procedures, including iFuse TORQ fully-threaded implants, iFuse TORQ lag implants, iFuse TORQ TNT implants, and iFuse Bedrock Granite implants. These products and procedures are collectively referred to as the "Accused Products" and "Accused Procedures."

3.      The sacroiliac joint, or SI joint, connects the sacrum at the base of the spine to the ilium of the pelvis. SI joint dysfunction can cause severe lower back, buttock, hip, and leg pain. SI joint fusion is a procedure intended to stabilize and fuse the SI joint to reduce pain and improve

function. Historically, SI joint fusion was performed exclusively by spine surgeons using implants such as triangular prism-shaped titanium wedges.

4.      KICV and Nanisx developed and commercialized patented SI joint fusion technologies directed to less invasive transfixing screw technologies.



(*Sacrix Research*, NANISX, https://www.nanisx.com/research-sacrix.) These new Sacrix "SacroFuse" screw devices and associated techniques can be used safely by a wider range of physicians, including interventional pain physicians, and allow outpatient and ambulatory surgery center procedures. (*Revolutionary Percutaneous Technology*, SACRIX, https://www.mysacrix.com/products.)

5.      The patented technologies described in the Asserted Patents include, among other things, threaded bone-fusing implants and methods for fusing bones using implants with specialized thread regions, central openings, through-openings, fusing gutters, star-shaped or

ridged structures, longitudinal grooves, broached implant paths, and/or other features that promote fixation, fusion, and bone integration.

6.     A prospective multicenter clinical study of the Sacrix technique reported that 47 trained interventional pain management physicians performed posterior-oblique SI joint fusion using titanium screws in 276 patients across multiple ambulatory surgery centers between 2020 and 2022, with reported overall complication and revision rates of 3.3% and 1.8%, respectively. (Kingsley R. Chin et al., *A Prospective Multicenter Randomized Controlled Trial on Safety and Procedural Competency in SI Joint Fusion Performed by Interventional Pain Physicians Trained by a Spine Surgeon*, 25(11) SPINE J. 2382 (2025), *available at* https://pubmed.ncbi.nlm.nih.gov/40383200/.)

7.     SI-BONE is a large commercial participant in the SI joint fusion and sacropelvic fixation markets. SI-BONE markets its iFuse TORQ products as screw-based SI joint fusion products and promotes the iFuse TORQ for minimally invasive SI joint fusion.



(*iFuse    TORQ*®,    SI-BONE,    https://assets.si-bone.com/doc/iFuse-TORQ-Fragility-and-Insufficiency-Fracture-Brochure.pdf.    *See also iFuse TORQ*®, SI-BONE, https://si-bone.com/providers/solutions/si-joint-dysfunction/ifuse-torq.) Certain iFuse TORQ models are threaded from tip to head ("fully-threaded" versions) and others have partial threading plus a washer ("lag" versions).

8.      SI-BONE markets the iFuse Bedrock Granite for SI joint fusion and sacropelvic fixation applications.



(*iFuse   Bedrock   Granite*®,  SI-BONE,  https://si-bone.com/providers/solutions/spinopelvic-fixation/ifuse-bedrock-granite.)

9.      SI-BONE markets the iFuse TORQ TNT as a related screw-type iFuse TORQ product that passes through the ipsilateral ilium, sacrum, and through the contralateral ilium.



(*iFuse TORQ TNT*®, SI-BONE, https://si-bone.com/providers/solutions/pelvic-trauma/ifuse-torq-tnt.)

10.     SI-BONE describes its product platform as having evolved from its first-generation iFuse implant in 2009 to iFuse 3D in 2017, iFuse TORQ in 2021, iFuse Bedrock Granite in 2022, and iFuse TORQ TNT in 2024. (*SI-BONE, Inc. Form 10-K for the Fiscal Year Ended December 31, 2025*, SEC, https://www.sec.gov/Archives/edgar/data/1459839/000145983926000036/sibn-20251231.htm.)

**THE PARTIES**

11.     Plaintiff KICV is a Florida limited liability company with its principal place of business at 6550 N Federal Hwy, Suite 510, Fort Lauderdale, FL 33308. KICV is the owner by assignment of the Asserted Patents.

12.     Plaintiff Nanisx is a Delaware limited liability company with its principal place of business at 6550 N Federal Hwy, Suite 510, Fort Lauderdale, FL 33308. Nanisx is the exclusive licensee of the Asserted Patents. Nanisx commercializes the Sacrix technology platform and other technologies.

13.     Defendant SI-BONE, Inc. is a Delaware corporation with its principal place of business at 471 El Camino Real, Suite 101, Santa Clara, California 95050. SI-BONE makes, uses, sells, offers to sell, imports, markets, trains physicians on, supplies, and supports the Accused Products and Accused Procedures throughout the United States, including in this District. SI-BONE uses sales managers, clinical specialists, territory representatives, and sales agents to support SI joint fusion and sacropelvic procedures, including through training, case coverage, delivery of implants and instruments, and management of implant inventory and instrument sets. (*SI-BONE, Inc. Form 10-K for the Fiscal Year Ended December 31, 2025*, SEC, https://www.sec.gov/Archives/edgar/data/1459839/000145983926000036/sibn-20251231.htm.)

14.     SI-BONE "market[s its] products primarily with a direct sales force" "throughout the United States." (*Id.*) SI-BONE's "direct sales organization in the United States covered 16

sales regions as of December 31, 2025." (*Id.*) "For large and/or high volume territories, [SI-BONE] also employ[s] territory representatives who cover cases and support revenue growth activities." (*Id.*) "As of December 31, 2025, [SI-BONE's] U.S. sales force consisted of 89 territory sales managers and 83 clinical specialists directly employed by [SI-BONE], and 320 third-party sales agents." (*Id.*)

15.     Defendant HCA Florida JFK Hospital is a medical and surgical facility in the HCA Florida Healthcare system, with a place of business at 5301 South Congress Avenue, Atlantis, Florida 33462. HCA Florida JFK Hospital publicly describes itself as a 516-bed hospital affiliated with more than 900 physicians, and publicly advertises a spine care program offering orthopedic and neurological spine care, pain management services, and spine surgery.

16.     On information and belief, physicians affiliated with HCA Florida JFK Hospital include pain medicine providers or other surgeons who perform or support SI joint fusion and related procedures using Accused Products. For example, Dr. Marc Slonimski is an interventional pain specialist affiliated with HCA Florida JFK Hospital who performs "spinal procedures" and receives payments from SI-BONE. (*Marc Slonimski, MD*, HCA FLORIDA JFK HOSPITAL, https://www.hcafloridahealthcare.com/locations/jfk-hospital/physicians/profile/Marc-Slonimski-MD; *Marc Slonimski, MD*, DOCSPOT, https://docspot.com/p/marc-slonimski.) And Dr. Russell Feit is a pain medicine specialist affiliated with HCA Florida JFK Hospital who performs "Minimally Invasive Sacroiliac Joint Fusion." (*Russell Feit, MD*, HCA FLORIDA JFK HOSPITAL, https://www.hcafloridahealthcare.com/physicians/profile/Dr-Russell-Feit-MD; *Dr. Russell Feit, MD*, EVERYDAY HEALTH, https://www.everydayhealth.care/providers/3616378/dr-russell-feit-md/.) On information and belief, these and other physicians perform procedures using the Accused Products at and in association with HCA Florida JFK Hospital.

**JURISDICTION AND VENUE**

17.     This is a civil action for patent infringement arising under the patent laws of the United States as set forth in 35 U.S.C. §§ 271, *et seq*.

18.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

19.     This Court has personal jurisdiction over SI-BONE because SI-BONE has purposefully directed activities at residents of Florida and this District, has sold and offered for sale the Accused Products in Florida and this District, has provided training and support for use of the Accused Products and Accused Procedures in Florida and this District, has supplied and supported SI joint fusion and sacropelvic procedures in Florida and this District, and has committed acts of patent infringement in Florida and this District.

20.     On information and belief, SI-BONE maintains and conducts a regular field-based business in this District and South Florida through employees, sales managers, clinical specialists, territory representatives, and/or sales agents who serve South Florida healthcare providers and facilities, including hospitals and ambulatory surgery centers.

21.     On information and belief, SI-BONE's South Florida personnel regularly conduct SI-BONE business from fixed locations in this District, including local residences, offices, facilities, and/or other physical places from which they conduct SI-BONE business, communicate with physicians and hospitals, schedule and support procedures, manage instrument sets, manage implants and associated inventory, and store or deploy SI-BONE products, instruments, trays, samples, and training materials.

22.     On information and belief, SI-BONE's South Florida personnel provide in-person case coverage and technical support for SI joint fusion and sacropelvic procedures using the

Accused Products at hospitals, ambulatory surgery centers, and other medical facilities in this District.

23. On information and belief, SI-BONE uses local personnel to deliver Accused Products at the point of implantation, to provide technical assistance during procedures, to support physician training, and to manage implant shelf life and instrument sets in Florida and this District.

24. On information and belief, SI-BONE has committed acts of infringement in this District by making, using, selling, offering to sell, and/or supporting the use of the Accused Products in this District, and by inducing physicians, hospitals, healthcare providers, and other users in this District to infringe the Asserted Patents.

25. Venue is proper in this District as to SI-BONE under 28 U.S.C. § 1400(b) because SI-BONE has committed acts of infringement in this District and has a regular and established place of business in this District through its local physical presence, field personnel, product and instrument logistics, case-coverage operations, and customer-facing business activities.

26. This Court has personal jurisdiction over HCA Florida JFK Hospital because HCA Florida JFK Hospital is located in this District, provides healthcare, spine, surgical, and related services in this District, has used and continues to use Accused Products in this District, and has committed acts of patent infringement in this District.

27. Venue is proper in this District as to HCA Florida JFK Hospital under 28 U.S.C. § 1400(b) because HCA Florida JFK Hospital has committed acts of infringement in this District and maintains a regular and established place of business in this District at 5301 South Congress Avenue, Atlantis, Florida 33462.

## THE ASSERTED PATENTS

28.    The '655 Patent, entitled "System and Method for Bone Fusing Implants," was duly and legally issued on September 28, 2021. A true and correct copy of the '655 Patent is attached as **Exhibit A**.

29.    KICV owns all right, title, and interest in and to the '655 Patent. Nanisx is the exclusive licensee of the '655 Patent. The '655 Patent is presumed valid under 35 U.S.C. § 282.

30.    The '154 Patent, entitled "System and Method for Bone Fusing Implants," was duly and legally issued on August 20, 2024. A true and correct copy of the '154 Patent is attached as **Exhibit B**.

31.    KICV owns all right, title, and interest in and to the '154 Patent. Nanisx is the exclusive licensee of the '154 Patent. The '154 Patent is presumed valid under 35 U.S.C. § 282.

32.    The '084 Patent, entitled "System and Method for Bone Fusing Implants," was duly and legally issued on November 28, 2023. A true and correct copy of the '084 Patent is attached as **Exhibit C**.

33.    KICV owns all right, title, and interest in and to the '084 Patent. Nanisx is the exclusive licensee of the '084 Patent. The '084 Patent is presumed valid under 35 U.S.C. § 282.

### SI-BONE'S KNOWLEDGE OF THE ASSERTED PATENTS AND THE PATENTED TECHNOLOGY

34.    SI-BONE knew of, or was willfully blind to, the Asserted Patents and its infringement before this lawsuit.

35.    The application that matured into the '655 Patent published as U.S. Patent Application Publication No. 2020/0022817 and issued in 2021. The application that matured into the '154 Patent published as U.S. Patent Application Publication No. 2021/0212833 and issued in August 2024.

36.     During prosecution of one of SI-BONE's own patent applications directed to the iFuse TORQ screw filed in December 2024 (U.S. Patent Application No. 18/977,789), SI-BONE cited the '655 Patent's and '154 Patent's application publications as relevant prior art. On information and belief, SI-BONE was aware that the '655 Patent and '154 Patent had issued when it cited their prior application publications. On information and belief, SI-BONE was also aware of the '084 Patent by the time it made these disclosures, as the '084 Patent is part of the same patent family as the '655 Patent and '154 Patent. SI-BONE cited application publications corresponding to the Asserted Patents in connection with other related patent applications as well.

37.     SI-BONE also demonstrated its awareness of the Sacrix SacroFuse screws through FDA submissions. In a 2023 FDA submission for the iFuse TORQ products, SI-BONE identified SpineFrontier SIJFuse K150017 as a predicate for the iFuse TORQ. (*510(k) SUMMARY – iFuse TORQ® Implant System*, FDA, https://www.accessdata.fda.gov/cdrh_docs/pdf23/K231689.pdf.) Public FDA materials identify K150017 as the Sacrix SacroFuse technology. (*See 510(k) SUMMARY - Xenix Medical Sacroiliac Fixation System*, FDA, https://www.accessdata.fda.gov/cdrh_docs/pdf23/K231829.pdf.)

38.     On information and belief, SI-BONE understood the technical relationship between its iFuse TORQ products and the Sacrix SacroFuse, and further understood that it was infringing the Asserted Patents, well before Plaintiffs filed this complaint.

### <u>COUNT I: DIRECT INFRINGEMENT OF THE '655 PATENT BY SI-BONE</u>

39.     Plaintiffs incorporate by reference paragraphs 1 through 38 above as if fully set forth herein.

40.     SI-BONE has directly infringed and continues to directly infringe one or more claims of the '655 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing iFuse TORQ fully-threaded implants, iFuse TORQ lag

implants, and iFuse Bedrock Granite implants in the United States. Exhibits **D, E, and F** provide detailed infringement analyses demonstrating how the Accused Products practice a representative claim of the '655 Patent.

41.     SI-BONE's infringement has injured and continues to injure Plaintiffs. Plaintiffs are entitled to damages adequate to compensate for SI-BONE's infringement, including lost profits and/or a reasonable royalty, together with interest and costs.

42.     SI-BONE's infringement of the '655 Patent has been willful at least because SI-BONE knew of, or was willfully blind to, its infringement of the '655 Patent before this lawsuit. SI-BONE's infringement of the '655 Patent is also willful at least after service of this Complaint.

## COUNT II: INDUCED INFRINGEMENT OF THE '655 PATENT BY SI-BONE

43.     Plaintiffs incorporate by reference paragraphs 1 through 38 above as if fully set forth herein.

44.     SI-BONE has actively induced and continues to actively induce infringement of one or more claims of the '655 Patent, including at least the representative claim identified in **Exhibits D, E, and F**.

45.     Physicians, hospitals, healthcare providers, and/or other users directly infringe the '655 Patent by using iFuse TORQ fully-threaded implants, iFuse TORQ lag implants, and/or iFuse Bedrock Granite implants in SI joint fusion, sacropelvic fixation, and/or related procedures in the United States.

46.     SI-BONE induces infringement by, among other things, providing Accused Products, instructions for use, training, physician education, field support, case coverage, technical support, instruments, trays, inventory logistics, and other assistance encouraging and instructing physicians, hospitals, healthcare providers, and other users to use the Accused Products in a manner that infringes the '655 Patent.

11

47.     SI-BONE knew of the '655 Patent and knew, or was willfully blind to the fact, that the acts it encouraged, instructed, and supported would constitute infringement of the '655 Patent.

48.     SI-BONE specifically intended and intends for physicians, hospitals, healthcare providers, and other users to use the Accused Products in a manner that infringes the '655 Patent.

49.     As a result of SI-BONE's induced infringement of the '655 Patent, Plaintiffs have suffered and continue to suffer damages.

50.     SI-BONE's induced infringement of the '655 Patent has been willful at least because SI-BONE knew of, or was willfully blind to, its induced infringement of the '655 Patent before this lawsuit. SI-BONE's continued induced infringement of the '655 Patent is also willful at least after service of this Complaint.

**COUNT III: DIRECT INFRINGEMENT OF THE '084 PATENT BY SI-BONE**

51.     Plaintiffs incorporate by reference paragraphs 1 through 38 above as if fully set forth herein.

52.     SI-BONE has directly infringed and continues to directly infringe one or more claims of the '084 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing iFuse TORQ fully-threaded implants and iFuse TORQ lag implants in the United States. **Exhibits G and H** provide detailed infringement analyses demonstrating how these Accused Products practice a representative claim of the '084 Patent.

53.     SI-BONE's infringement has injured and continues to injure Plaintiffs. Plaintiffs are entitled to damages adequate to compensate for SI-BONE's infringement, including lost profits and/or a reasonable royalty, together with interest and costs.

54.     SI-BONE's infringement of the '084 Patent has been willful at least because SI-BONE knew of, or was willfully blind to, its infringement of the '084 Patent before this lawsuit. SI-BONE's infringement of the '084 Patent is also willful at least after service of this Complaint.

12

## COUNT IV: INDUCED INFRINGEMENT OF THE '084 PATENT BY SI-BONE

55.     Plaintiffs incorporate by reference paragraphs 1 through 38 above as if fully set forth herein.

56.     SI-BONE has actively induced and continues to actively induce infringement of one or more claims of the '084 Patent, including at least the representative claim identified in **Exhibits G and H**.

57.     Physicians, hospitals, healthcare providers, and/or other users directly infringe the '084 Patent by using iFuse TORQ fully-threaded implants and iFuse TORQ lag implants in SI joint fusion, sacropelvic fixation, and/or related procedures in the United States.

58.     SI-BONE induces infringement by, among other things, providing Accused Products, instructions for use, training, physician education, field support, case coverage, technical support, instruments, trays, inventory logistics, and other assistance encouraging and instructing physicians, hospitals, healthcare providers, and other users to use the Accused Products in a manner that infringes the '084 Patent.

59.     SI-BONE knew of the '084 Patent and knew, or was willfully blind to the fact, that the acts it encouraged, instructed, and supported would constitute infringement of the '084 Patent.

60.     SI-BONE specifically intended and intends for physicians, hospitals, healthcare providers, and other users to use the Accused Products in a manner that infringes the '084 Patent.

61.     As a result of SI-BONE's induced infringement of the '084 Patent, Plaintiffs have suffered and continue to suffer damages.

62.     SI-BONE's induced infringement of the '084 Patent has been willful at least because SI-BONE knew of, or was willfully blind to, its induced infringement of the '084 Patent before this lawsuit. SI-BONE's continued induced infringement of the '084 Patent is also willful at least after service of this Complaint.

## COUNT V: DIRECT INFRINGEMENT OF THE '154 PATENT BY SI-BONE

63. Plaintiffs incorporate by reference paragraphs 1 through 38 above as if fully set forth herein.

64. SI-BONE has directly infringed and continues to directly infringe one or more claims of the '154 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing iFuse TORQ fully-threaded implants, iFuse TORQ lag implants, and iFuse TORQ TNT implants in the United States. **Exhibits I, J, and K** provide detailed infringement analyses demonstrating how these Accused Products practice a representative claim of the '154 Patent.

65. SI-BONE's infringement has injured and continues to injure Plaintiffs. Plaintiffs are entitled to damages adequate to compensate for SI-BONE's infringement, including lost profits and/or a reasonable royalty, together with interest and costs.

66. SI-BONE's infringement of the '154 Patent has been willful at least because SI-BONE knew of, or was willfully blind to, its infringement of the '154 Patent before this lawsuit. SI-BONE's infringement of the '154 Patent is also willful at least after service of this Complaint.

## COUNT VI: INDUCED INFRINGEMENT OF THE '154 PATENT BY SI-BONE

67. Plaintiffs incorporate by reference paragraphs 1 through 38 above as if fully set forth herein.

68. SI-BONE has actively induced and continues to actively induce infringement of one or more claims of the '154 Patent, including at least the representative claim identified in **Exhibits I, J, and K**.

69. Physicians, hospitals, healthcare providers, and/or other users directly infringe the '154 Patent by using iFuse TORQ fully-threaded implants, iFuse TORQ lag implants, and iFuse

TORQ TNT implants in SI joint fusion, sacropelvic fixation, and/or related procedures in the United States.

70. SI-BONE induces infringement by, among other things, providing Accused Products, instructions for use, training, physician education, field support, case coverage, technical support, instruments, trays, inventory logistics, and other assistance encouraging and instructing physicians, hospitals, healthcare providers, and other users to use the Accused Products in a manner that infringes the '154 Patent.

71. SI-BONE knew of the '154 Patent and knew, or was willfully blind to the fact, that the acts it encouraged, instructed, and supported would constitute infringement of the '154 Patent.

72. SI-BONE specifically intended and intends for physicians, hospitals, healthcare providers, and other users to use the Accused Products in a manner that infringes the '154 Patent.

73. As a result of SI-BONE's induced infringement of the '154 Patent, Plaintiffs have suffered and continue to suffer damages.

74. SI-BONE's induced infringement of the '154 Patent has been willful at least because SI-BONE knew of, or was willfully blind to, its induced infringement of the '154 Patent before this lawsuit. SI-BONE's continued induced infringement of the '154 Patent is also willful at least after service of this Complaint.

**COUNT VII: DIRECT INFRINGEMENT OF
THE '655 PATENT BY HCA FLORIDA JFK HOSPITAL**

75. Plaintiffs incorporate by reference paragraphs 1 through 38 above as if fully set forth herein.

76. HCA Florida JFK Hospital has directly infringed and continues to directly infringe one or more claims of the '655 Patent, either literally or under the doctrine of equivalents, by using iFuse TORQ fully-threaded implants, iFuse TORQ lag implants, and/or iFuse Bedrock Granite

15

implants in the United States. **Exhibits D, E, and F** provide detailed infringement analyses demonstrating how the Accused Products practice a representative claim of the '655 Patent.

77.     On information and belief, HCA Florida JFK Hospital and/or its physicians, employees, agents, representatives, contractors, or affiliated healthcare providers use the Accused Products in procedures at or in connection with HCA Florida JFK Hospital.

78.     HCA Florida JFK Hospital's infringement has injured and continues to injure Plaintiffs. Plaintiffs are entitled to damages adequate to compensate for HCA Florida JFK Hospital's infringement, including lost profits and/or a reasonable royalty, together with interest and costs.

**COUNT VIII: DIRECT INFRINGEMENT OF
THE '084 PATENT BY HCA FLORIDA JFK HOSPITAL**

79.     Plaintiffs incorporate by reference paragraphs 1 through 38 above as if fully set forth herein.

80.     HCA Florida JFK Hospital has directly infringed and continues to directly infringe one or more claims of the '084 Patent, either literally or under the doctrine of equivalents, by using iFuse TORQ fully-threaded implants and/or iFuse TORQ lag implants in the United States. **Exhibits G and H** provide detailed infringement analyses demonstrating how the Accused Products practice a representative claim of the '084 Patent.

81.     On information and belief, HCA Florida JFK Hospital and/or its physicians, employees, agents, representatives, contractors, or affiliated healthcare providers use the Accused Products in procedures at or in connection with HCA Florida JFK Hospital.

82.     HCA Florida JFK Hospital's infringement has injured and continues to injure Plaintiffs. Plaintiffs are entitled to damages adequate to compensate for HCA Florida JFK

Hospital's infringement, including lost profits and/or a reasonable royalty, together with interest and costs.

<strong>COUNT IX: DIRECT INFRINGEMENT OF<br>THE '154 PATENT BY HCA FLORIDA JFK HOSPITAL</strong>

83.     Plaintiffs incorporate by reference paragraphs 1 through 38 above as if fully set forth herein.

84.     HCA Florida JFK Hospital has directly infringed and continues to directly infringe one or more claims of the '154 Patent, either literally or under the doctrine of equivalents, by using iFuse TORQ fully-threaded implants, iFuse TORQ lag implants, and/or iFuse TORQ TNT implants in the United States. **Exhibits I, J, and K** provide detailed infringement analyses demonstrating how the Accused Products practice a representative claim of the '154 Patent.

85.     On information and belief, HCA Florida JFK Hospital and/or its physicians, employees, agents, representatives, contractors, or affiliated healthcare providers use the Accused Products in procedures at or in connection with HCA Florida JFK Hospital.

86.     HCA Florida JFK Hospital's infringement has injured and continues to injure Plaintiffs. Plaintiffs are entitled to damages adequate to compensate for HCA Florida JFK Hospital's infringement, including lost profits and/or a reasonable royalty, together with interest and costs.

<strong><u>PRAYER FOR RELIEF</u></strong>

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants as follows:

A.     A judgment that SI-BONE has infringed the '655 Patent, '084 Patent, and '154 Patent;

17

B.      A judgment that HCA Florida JFK Hospital has infringed the '655 Patent, '084 Patent, and '154 Patent;

C.      A judgment that SI-BONE's infringement has been willful;

D.      Damages adequate to compensate Plaintiffs for Defendants' infringement, including lost profits and/or a reasonable royalty, together with pre-judgment and post-judgment interest and costs;

E.      Enhanced damages under 35 U.S.C. § 284;

F.      Permanent injunctive relief against continued infringement;

G.      A judgment that this is an exceptional case under 35 U.S.C. § 285 and an award of Plaintiffs' reasonable attorneys' fees;

H.      Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

DATED this 10th day of July, 2026.

RESPECTFULLY SUBMITTED,

DEVINE GOODMAN & RASCO, LLP
3191 Grand Avenue
P. O. Box 330032
Miami, Florida 33233-0032
Tel: 305-374-8200
Email: grasco@devinegoodman.com

*/s Guy A. Rasco*
Guy A. Rasco, Esq.
Florida Bar No.: 727520

OF COUNSEL (*pro hac vice forthcoming*)

David K. Ludwig
Georgia Bar No. 616971
Steven G. Hill

18

Georgia Bar No. 354658
HILL, KERTSCHER & WHARTON, LLP
3625 Cumberland Blvd., SE
Suite 1050
Atlanta, Georgia 30339-6406
Tel.: (770) 953-0995
Email: dludwig@hkw-law.com
Email: sgh@hkw-law.com

*Counsel for Plaintiffs KICVentures LLC and Nanisx LLC*

19